## ·W. A. HANCOCK *v.* MARY L. ELAM.

VERDICT OF JURY. *What conduct of the Court will vitiate.* Where a jury has been out an hour or more, and returns, announcing that they cannot agree, and the Court orders them to be locked up until they should agree, without allowing them their dinner,

*Held,* The jurors might very well understand, from this order, that they were required either to agree or to submit to indefinite confinement and starvation, and a verdict which may be the result of such a mandate of the Court will not be affirmed.

---

### FROM CANNON.

---

Appeal from the Circuit Court.   A. M. HUGHES, Judge.

R. CANTRELL for Hancock.

ST. JOHN & FINLEY for Elam.

NICHOLSON, C. J., delivered the opinion of the Court.

This suit was brought by Hancock to recover of Mary L. Elam $228 for work and labor, in repairing a mill. The jury found a verdict for defendant, and plaintiff has appealed.

The only ground for reversal which we deem it proper to notice, is, that the Judge, after the jury had been out an hour or more, and returned and announced that they could not agree, ordered the Sheriff to lock them up until they should agree. It is insisted that the verdict afterwards rendered was the result of this arbitrary order.

3— vol. 3.

W. A. Hancock *v.* Mary L. Elam.

The verdict of a jury derives its great value from the fact that it is the unanimous judgment of twelve impartial and disinterested men, who have examined the facts, uninfluenced by any species of improper bias or coercion. Whenever we can see that such a verdict has been rendered, or when we can see that any improper influence has been brought to bear, which might have interfered with the free, unbiassed and deliberate exercise of the judgment of the jurors, it is our duty to interpose and set aside the verdict so brought about.

In this case, after the jury had been out from eleven o'clock until dinner time, which we suppose was about one o'clock, upon returning into Court and announcing that they could not agree, and that they . did not disagree as to the evidence, or the charge of the Court, the Sheriff was peremptorily ordered " to lock them up until they should agree," and that, without allowing them to have their dinners before being locked up. The jurors might very well understand from this order, that they were required either to agree or to submit to indefinite confinement and starvation. They were ordered to be locked up until they should agree. They did agree in the course of several hours, but whether their disagreement was harmonized, under free, patient investigation and deliberation, or under the apprehension of prolonged confinement and starvation, we have no means of determining. We can see, however, that under the influence of such an arbitrary order, jurors may have yielded their convictions, in order to avoid the threatened consequence of continued disagreement.

Without assuming that the order was made with any purpose of coercing an agreement, we cannot consent to affirm a judgment which rests upon a verdict which may very well have been the result of the extraordinary mandate of the Judge.

The verdict is, therefore, set aside, and the judgment reversed.